FILED

2022 Sep-27  AM 09:21
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| BELINDA MANN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: _____ |
| | ) | |
| KOCH FOODS OF ASHLAND, | ) | |
| LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

For complaint against Koch foods of Ashland, LLC, Belinda Mann states:

### PARTIES

1.     Plaintiff, Belinda Mann, is a black woman who lives in the Northern District of Alabama.

2.     Defendant, Koch Foods of Ashland, LLC, is a company operating a poultry plant in Ashland, Alabama.

### JURISDICTION

3.     This court has jurisdiction pursuant to 28 U.S.C. 1331.

4.     Venue for this action is appropriate in this court because the defendant operates its facilities in this district and the Eastern division, and because the acts complained of occurred in this Eastern division.

FACTS

5.      On April 16, 2021, Mann was an assistant supervisor at Defendant's

poultry processing plant in Ashville, Alabama.

6.      Mann had been an assistant supervisor for 10 years.

7.      Mann had worked at the plant for 34 years.

8.      Nell Wallace was Mann's supervisor.

9.      Ms. Wallace is a white woman.

10.     Jonathan Maddock was the assistant plant manager.

11.     Maddock is a white man.

12.     Mann had never had a write up or disciplinary action in the 34 years

that she had worked at the facility.

13.     Shortly before April 16, 2021, Mann had reprimanded a younger male

employee because that employee was dawdling on the rehang table, which

dawdling was not only unproductive, but was also potentially dangerous.

14.     Upon becoming aware that Mann had reprimanded the younger male

employee, Ms. Wallace told Mann to go to the office, where a white woman named

Margaret worked.

15.     Margaret, whose surname is currently unknown to Mann, worked in

the human resources department of Defendant.

16.     Margaret accused Mann of using swear words when reprimanding the young man who had been dawdling on the rehang table.

17.     On April 16, 2021, Mann was demoted, ostensibly because she used improper language to reprimand the young man who had been dawdling.

18.     Jonathan Maddox, a white man, was the assistant plant manager who advised Mann that she was demoted.

19.     As a consequence of the demotion, Mann's hourly wage was sharply reduced.

20.     As a consequence of the demotion, Mann became a part-time employee, eligible to work fewer than 40 hours a week.

21.     As a consequence of that demotion, Mann became ineligible to participate in an employee retirement plan with matching contributions.

22.     The incredibly harsh discipline imposed on black women contrasted sharply with the discipline or lack of discipline imposed on white employees guilty of considerably more serious infractions.

23.     For example, within a couple of months before Mann was demoted, a white assistant supervisor had an argument with one of the persons under her supervision. This argument was vicious, filled with loud and violent swearing, and threatened to escalate into a serious confrontation requiring management to call the police. The white assistant supervisor was not disciplined at all.

24.     A white maintenance supervisor was demoted on July 14, 2021, but his demotion only involved penalizing him $.45 per hour on his pay. He remained full-time with no reduction in employee benefits.

25.     An employee named Debra called two different black women a "Nigger" on two different occasions, but the plant did nothing despite complaints.

26.     Mann's discipline is typical of that made out to black, female employees.

27.     For example, on March 15, 2021, two black women got into an argument. They were both immediately fired.

28.     When another black woman accidentally sprayed a supervisor with some liquid while he was standing behind her without her knowledge, he grabbed a high pressure hose and sprayed it into her face. The supervisor was white.

29.     When White employees were caught sleeping on the job, the chairs were removed from their offices. When Black employees were caught sleeping on the job, they were dismissed.

30.     In short, there is a mosaic of evidence to show that the Defendant treats Black employees worse than White employees, because the Black employees are Black, and the White employees are White.  While Plaintiff respectfully submits that comparator evidence described herein ought to suffice to demonstrate a case of illegal discrimination in the workplace, the prevailing conditions where

Black people pay a heavy price for every infraction but where White people pay little or no price at all demonstrate that illegal discrimination to which plaintiff was subjected.

## COUNT ONE
## Title VII of the Civil Rights Act of 1964

31.    Mann adopts and incorporates by reference paragraphs 1 through 30 of this complaint.

32.    The defendant, Koch, has unlawfully discriminated against Mann by reason of her race and gender in violation of the Civil Rights Act of 1964.

33.    Mann has, by reason of this discrimination, suffered a decrease in take-home pay, a decrease in the hourly wage paid for her work, and the opportunity for career advancement.

34.    Mann has suffered economic damages and the acts of the defendant are sufficiently outrageous to justify the imposition of punitive damages.

WHEREFORE, Mann respectfully requests the award of compensatory damages, punitive damages, attorneys' fees, costs, reinstatement, nominal damages, and all other such damages as she may be entitled to recover.

Respectfully submitted,


/s/ *Frank Ozment*
Frank Ozment
ASB-7203-N73J

5

OF COUNSEL
Frank Ozment Attorney at Law, LLC
501 217 Country Club Park
Birmingham, Alabama 35213
Phone:  (205) 413-9973
Email:  frankozmentlaw@gmail.com


Defendant's Address:

Koch Foods of Ashland, LLC
515 Tyson Road
Ashland, Alabama 36251